**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEREMY DiCARLO,

    Plaintiff,

v.                                                      No. 20-cv-0335 SMV/KRS

SIYARAM, LLC, and
CHUBB INSURANCE SOLUTIONS AGENCY, INC.,

    Defendants.[1]

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court sua sponte, following its review of the Notice of Removal [Doc. 1], filed by Defendant Siyaram, LLC on April 14, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the entire record, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the removing Defendants to file an amended notice of removal no later than **June 9, 2020**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

---

[1] Defendant Chubb Insurance Solutions Agency, Inc., was voluntarily dismissed by Plaintiff on April 2, 2020, prior to removal. [Doc. 5-5] at 1–2.

## BACKGROUND

On April 14, 2020, Defendant Siyaram, LLC, doing business as Relax Inn, filed its Notice of Removal under 28 U.S.C. § 1332 (2018). [Doc. 1] at 1. The Notice asserts that there is diversity of citizenship and that the amount in controversy exceeds $75,000. *Id*. at 2–3. In support of its claim of diversity of citizenship, Defendant repeats the assertion from Plaintiff's First Amended Complaint that Plaintiff is a "resident" of Louisiana. *Id.* at 2. Defendant also asserts it is "a foreign corporation, organized and licensed to do business in New Mexico." *Id.* Defendant makes no allegations about Plaintiff's *citizenship* or its own. *See id.*

## LEGAL STANDARDS

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441. Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly

and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of both the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs*, 781 F.3d at 1234.

## DISCUSSION

Here, the facts set forth in the Notice of Removal do not sufficiently establish the citizenship of either party. The Notice asserts that Plaintiff is a "resident" of Louisiana and does not mention his "citizenship." [Doc. 1] at 2. Similarly, the Notice fails to allege the citizenship of the members of Defendant Siyaram, LLC.

The Court will give Defendant the opportunity to file an amended notice of removal to properly allege Plaintiff's citizenship, as well as the citizenship of each and every member of Defendant Siyaram, LLC, as of the time of the filing of the First Amended Complaint and the time of the filing of the Notice of Removal.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Siyaram, LLC, shall amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **June 9, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **June 9, 2020**, the Court may dismiss remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**